```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JULIO ORTIZ,                      :
                                  :
    Plaintiff                     :
                                  :  CIVIL NO. 1:CV-07-0979
    vs.                           :
                                  :  (Judge Caldwell)
WARDEN JANINE DONATE, *et         :
al.*,                             :
                                  :
    Defendants                    :


*M E M O R A N D U M*

I.  *Introduction*

Julio Ortiz, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983 arising from his confinement at the Lackawanna County Prison. He sues the following County defendants: (1) Warden Janine Donate, (2) Assistant Warden Timothy Betti, (3) Capt. Chiarelli, and (4) Capt. Katz.  Plaintiff makes a claim for lost property and for a lack of hygiene products while he was in restricted housing.

We are considering the defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  For the reasons stated below, we will grant the motion.

II.  *Background*

Plaintiff's complaint lacks detail, so we take this background section from a brief (doc. 14) Plaintiff filed in support of a premature motion for summary judgment, along with Defendants' evidentiary submissions.

Plaintiff alleges the following. At some time after June 2006, when he was housed in the Lackawanna County Prison, he was transferred to the Restricted Housing Unit (RHU) as punishment for a prison rule violation.  Doc. 14 ¶¶ 1 & 2.  While in the RHU, he requested hygiene products but they were denied by the RHU officers.  Doc. 14 ¶¶ 3 & 4.  Plaintiff does not mention which hygiene products he was denied and how long he was without them. Plaintiff also alleges that, upon release from the RHU, his requests for an "indigent kit" were denied for about a month before he finally received one.  Doc. 14 ¶ 5.  Finally, the Plaintiff alleges that his boots, which were confiscated during transfer from his old cell to the RHU, were lost and never returned to him after release from the RHU, causing foot pain when Plaintiff was forced to substitute different footwear.  Doc. 14 ¶¶ 1, 5-7.

Defendants have submitted an affidavit (Dc. 31) by Defendant Donate which states that (1) the Plaintiff's prison record contains a receipt signed by Plaintiff detailing the

property, including shoes, that were returned to him on January 4, 2008, (2) there was a grievance procedure at the prison which allowed Plaintiff to seek compensation for lost items, and (3) it is prison policy to provide all inmates, including those in the RHU, "with necessary personal hygiene products, including clean linens, running water, soap, toothpaste, a toothbrush, a razor and toilet paper." (*Id.* ¶ 5).

III. *Discussion*

    A. *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). Summary judgment must be entered for the moving party "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). A fact is "material" when it would affect the outcome of the trial under the governing law. *Anderson*, 477 U.S. at 248.

When a moving party has carried the burden under Rule 56(e), the burden shifts to the nonmoving party to demonstrate that an issue of material fact exists. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87 (citations omitted). The nonmoving party "must present *affirmative evidence* in order to defeat a properly supported motion for summary judgment," and "cannot simply reassert factually unsupported

-4-

allegations contained in [the] pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted)(emphasis in *Williams*). "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Factual averments in briefs do not satisfy the nonmoving party's burden. *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

    B.  *The Fourteenth Amendment Due Process Claim*

Plaintiff's lost property claim is cognizable as a due process claim. It is unclear in this case whether Plaintiff is claiming that Defendants negligently lost his boots or purposefully withheld them, but this is irrelevant. The taking, whether intentional or not, was unauthorized from Pennsylvania's point of view. "[The] unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).

As noted in the warden's affidavit (doc. 34), the county prison provides such a postdeprivation remedy to inmates by

-5-

way of its prison grievance procedure. Hence, Plaintiff has no due process claim. *See McEachin v. Beard*, 319 F. Supp. 2d 510, 514 (E.D. Pa. 2004)(citing *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000)). Additionally, Plaintiff can also pursue state-court remedies for the alleged deprivation of his property. *See* 42 Pa. C.S. §§ 8501, 8522(b)(3); *see also Austin v. Lehman*, 893 F. Supp. 448, 453-54 (E.D. Pa. 1995); *Gilmore v. Jeffes*, 675 F. Supp. 219, 221 (M.D. Pa. 1987).

    C.  *The Eighth Amendment Claim*

The Eighth Amendment protects against the deprivation of basic hygienic needs. *See Penrod v. Zavaras,* 94 F.3d 1399, 1405-1406 (10th Cir. 1996). Whether there is a constitutional violation depends upon the length of the deprivation and the nature of the items withheld. *Mincy v. Chmielewski*, No. 05-292, 2007 WL 707344, at *9 (M.D. Pa. Mar. 2, 2007).

In the instant case, Warden Donate affirmed that it is prison policy to provide all inmates, including those in the RHU, "with necessary personal hygiene products, including clean linens, running water, soap, toothpaste, a toothbrush, a razor and toilet paper." (*Id.* ¶ 5). In his opposition to the summary judgment motion, Plaintiff does not address this evidence, nor does he supply evidence that would contradict it, concentrating instead on

his lost property claim.  He has therefore failed to meet his burden in opposing summary judgment.  *Williams, supra,* 891 F.2d at 460 (the nonmoving party "must present *affirmative evidence* in order to defeat a properly supported motion for summary judgment").

        We will issue an appropriate order.

                                      <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge

Date: May 7, 2009

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JULIO ORTIZ,                    :
                                :
                                :
    Plaintiff                   :    CIVIL NO. 1:CV-07-0979
                                :
    vs.                         :    (Judge Caldwell)
                                :
                                :
WARDEN JANINE DONATE, *et*      :
*al.*,                          :

    Defendants


*O R D E R*


    AND NOW, this 7th  day of May, 2009, it is ordered that:

    1. Defendants' motion (doc. 28) for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff and close this file.


                                      <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge